Judgment rendered September 22, 2021.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 53,978-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee

versus

ANTONIO L. WADE                             Appellant

* * * * *

Appealed from the
Third Judicial District Court for the
Parish of Union, Louisiana
Trial Court No. 2018-F-55551

Honorable Jeffrey L. Robinson, Judge

* * * * *

LOUISIANA APPELLATE PROJECT          Counsel for Appellant
By: Peggy J. Sullivan

JOHN F. BELTON                       Counsel for Appellee
District Attorney

CLIFFORD R. STRIDER, III
JUDITH L. HAMPTON-KOZIK
Assistant District Attorneys

* * * * *

Before STONE, COX, and HUNTER, JJ.

**HUNTER, J.**

The defendant, Antonio Wade, was charged by bill of information with possession of a firearm by a convicted felon, in violation of La. RS. 14:95.1, and possession of a Schedule I Controlled Dangerous Substance ("CDS") (marijuana) with intent to distribute, in violation of La. R.S. 40:966(A)(1).  Following a jury trial, the defendant was found guilty as charged of possession of a firearm by a convicted felon.  He was also found guilty of a lesser drug offense, possession of marijuana, a violation of La. R.S. 40:966(C).  On the firearm conviction, the trial court sentenced the defendant to serve 12 years at hard labor without the benefit of probation, parole, or suspension of sentence, and 15 days in jail on the possession of marijuana conviction.  Additionally, the trial court imposed a $1,000.00 fine, plus court costs, and ordered the defendant to serve six months in the parish jail in default of payment.  For the following reasons, we affirm the defendant's convictions.  However, we amend the sentences to vacate the portion ordering jail time in default of payment of a fine and costs, and we affirm the sentences as amended.

## FACTS

On September 11, 2017, Trooper Matt Jones, Jr., of the Louisiana State Police Department's Criminal Investigations Division, received an anonymous tip that a person known as "T-Money" was selling narcotics in Sterlington, Louisiana.  The tipster also stated T-Money lived on Lone Star Road in Sterlington and drove a white Chevrolet Avalanche.  Trooper Jones knew, from prior experiences, the defendant, Antonio Wade, was known by the street name, "T-Money," and lived at 134 Lone Star Road in Sterlington.  He also had knowledge of the defendant's criminal history.

On September 12, 2017, Trooper Jones drove past the defendant's residence and observed a gray Chevrolet Impala parked in the yard. As he was leaving the area, he observed the defendant driving a white Chevrolet Avalanche. Subsequently, on September 19, 2017, Trooper Jones conducted a registration check of the gray Impala and discovered the vehicle had been reported stolen in Ouachita Parish. The following day, Trooper Jones drove past the defendant's residence and observed the Impala in the yard and the Avalanche in the driveway. Trooper Jones contacted the Ouachita Parish Sheriff's Office and learned the investigation regarding the stolen Chevrolet Impala remained active.

Trooper Jones began conducting intermittent surveillance of the defendant's residence by periodically driving past. He did not observe any suspected drug transactions; however, he noticed the stolen Impala remained parked at the residence. On October 24, 2017, Trooper Jones obtained a warrant to search the defendant's residence for documents related to the stolen vehicle.

On October 31, 2017, Trooper Jones, accompanied by other law enforcement officers, went to the defendant's home to execute the search warrant. When they arrived, they observed the Impala and the Avalanche parked at the residence. The officers knocked on the door, but no one answered. The officers entered the residence and encountered the defendant. During a protective sweep of the residence, the officers observed a loaded Smith & Wesson 9mm handgun lying on a bed in plain sight. During the search of the premises, the officers discovered multiple firearms in a gun safe in the house. The defendant informed the officers the 9mm handgun belonged to his wife and was kept in the home "for protection." He also

stated he had inherited the other guns from his grandfather. When asked whether there were any illegal substances in the house, the defendant informed the officers of the presence of marijuana in a cabinet under the kitchen sink. The officers discovered marijuana in the location the defendant had disclosed.

During the search of the residence, the officers discovered and confiscated approximately 1.15 pounds of marijuana, three loaded handguns, two loaded rifles, and one unloaded rifle. Additionally, the officers ascertained the Impala parked in the yard was the vehicle which had been reported stolen in Ouachita Parish.

The defendant was transported to the Union Parish Detention Center and was initially charged with possession of marijuana with intent to distribute, possession of stolen things, possession of a firearm by a convicted felon, and possession of firearms in the presence of controlled dangerous substances.[1] Thereafter, he was charged by bill of information with possession of a firearm by a convicted felon, a violation of La. R.S. 14:95.1. The bill was later amended to add a charge of possession of marijuana with intent to distribute, a violation of La. R.S. 40:966(A)(1).[2]

A jury trial was held on February 24, 2020. During the trial, Trooper Jones testified with regard to the events pertaining to the investigation, the search of the defendant's residence, and the defendant's arrest. During his

---

[1] The officers also found 10 600mg Gabapentin pills during the search. The possession of that particular drug is not at issue in this case. Additionally, the charges of possession of stolen things and possession of firearms in the presence of controlled dangerous substances are not at issue in this case.

[2] The State offered the defendant a plea deal with a sentencing recommendation of "ten years on each case, concurrent with each other and no habitual felony offender bill would be filed." The defendant declined the offer.

3

testimony on cross-examination, Trooper Jones stated he had known the defendant since they were in high school. He also testified the defendant did not have any drugs or weapons on his person at the time of his arrest, and the search did not reveal any digital scales or large sums of cash. The officer further testified he never observed any narcotics transactions during his surveillance of the defendant's residence.

Trooper Casey Lavelle Williamson also testified at trial. He stated at the time of the search and arrest at issue, he was a supervisor for the criminal patrol unit at Troop F of the Louisiana State Police Department. Trooper Williamson testified he was present during the search of the defendant's residence. He stated he and other officers entered the residence and conducted a sweep of each room "and made sure no one was hiding in any closets or underneath the bed[.]" During the sweep, Trooper Williamson stated he observed a gun "laying on top of the bed" in one of the bedrooms. Furthermore, Trooper Williamson testified he and the other officers recovered additional firearms from a safe inside the residence. He also declared he heard the defendant state marijuana was located in one of the kitchen cabinets, and he was present when the marijuana was found.

Trooper Zach Crooks also testified. He stated he was a Louisiana State trooper assigned to a task force working in conjunction with the Federal Drug Enforcement Administration ("DEA"). He was accepted by the trial court as an expert "in the field of the sale and methods and the distribution of marijuana." Trooper Crooks testified marijuana is typically sold in small quantities. For example, one "dime bag" of marijuana has a general street value of $10.00. According to Trooper Crooks, the street value of one pound of marijuana is approximately $6,840.00, depending on

4

the potency of the drug. He testified the method of the drug's packaging indicates whether or not it is being sold. He also stated when marijuana is packaged in large bags, it is an indication "it just hasn't been broken down yet." Trooper Crooks further testified people who use marijuana for personal use typically do not purchase it in large quantities. He also stated it is not unusual for marijuana dealers to possess firearms to protect themselves from robbery attempts.

With regard to the search in this case, Trooper Crooks testified he was present when the defendant's residence was searched. He stated some of the marijuana found was packaged in one-ounce bags, which was an indication that someone had used a scale to weigh it. However, he admitted the officers did not find a scale during the search of the defendant's residence. Trooper Crooks described the amount of marijuana found in this case as "significant," and was "more than a person keeps around for personal use."

After the presentation of the state's case, the defense rested without calling any witnesses or presenting any evidence.

After the jury deliberated, the defendant was found guilty as charged of possession of a firearm by a convicted felon. He was also found guilty of a lesser drug offense, possession of marijuana, as opposed to possession with intent to distribute. The trial court ordered a presentence investigation.

A sentencing hearing was held on August 26, 2020. During the hearing, the trial court noted the presentence investigation revealed the

defendant was a second felony offender and had multiple prior misdemeanor convictions.[3] The trial court stated:

> I do find that there is an undue risk that during the period [of] a suspended sentence or probation that he would commit another crime. He's also in need of correctional treatment or a custodial environment that can provide it most effectively by commitment to an institution. A lesser sentence would deprecate the seriousness of the defendant's crime.
>
> ***

The trial court sentenced the defendant to serve 12 years at hard labor without the benefit of probation, parole, or suspension of sentence on the firearm conviction, and to 15 days in the parish jail on the possession of marijuana conviction. Additionally, the trial court ordered the defendant to pay a fine of $1,000.00, plus court costs, and ordered him to serve six months in the parish jail in default of payment.

The defendant has not appealed his convictions. Rather, he appeals the imposition of default time in lieu of payment of the fine and costs and the trial court's failure to orally advise him of the prescriptive period for filing an application for post-conviction relief.

## DISCUSSION

The defendant contends the trial court erred in ordering him to serve six months in the parish jail in default of payment of the $1,000.00 fine and costs. According to the defendant, he is indigent, and the fact that he was represented by appointed counsel at trial and on appeal is presumptive evidence of his indigence. Citing *Bearden v. Georgia*, 461 U.S. 660, 103 S. Ct. 2064, 76 L. Ed. 2d 221 (1983), the defendant argues ordering him to

---

[3] The defendant had a 2004 conviction for distribution of a CDS and was sentenced to serve 25 years at hard labor, with the first five years to be served without suspension of sentence.

serve jail time due to his inability to pay the fine is "contrary to the fundamental fairness required by the Fourteenth Amendment."

This assignment has merit. An indigent defendant cannot be subjected to default jail time in lieu of the payment of a fine, costs, or restitution. *State v. Malmay*, 52,824 (La. App. 2 Cir. 9/25/19), 280 So. 3d 947; *State v. Lewis*, 48,373 (La. App. 2 Cir. 9/25/13), 125 So. 3d 482. A defendant's indigent status may be discerned from the record. *Id*. Where a defendant is represented at trial by the Indigent Defender's Office, or on appeal by the Louisiana Appellate Project, this Court has considered it error for a trial court to impose jail time for failure to pay court costs. *Id*.

In the instant case, the defendant's indigent status is clear from the record. At trial, he was represented by the Indigent Defender's Office, and he is currently being represented on appeal by the Louisiana Appellate Project. Therefore, we find the imposition of default jail time was in error. Accordingly, we vacate that portion of the sentence imposing six months' jail time in default of payment of the fine and court costs. In all other respects, the sentences are affirmed.

The defendant also contends the trial court erred in failing to advise him of the time limits for filing an application for post-conviction relief. The defendant acknowledges the court minutes reflect he was advised he had two years from the date his conviction and sentence became final to apply for post-conviction relief. However, he argues the transcript of his sentencing hearing does not contain that warning.

No application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under

7

the provisions of Article 914 or 922.  La. C. Cr. P. art. 930.8(A).  At the time of sentencing, the trial court shall inform the defendant of the prescriptive period for post-conviction relief ***either verbally <u>or in writing</u>***.  La. C. Cr. P. art. 930.8(C). (Emphasis added).

Our review of this records reveals the trial court provided the defendant with ***written*** notice of the prescriptive period for post-conviction relief, and the document was signed by the trial court and the defendant. The notice contained in the record provides as follows:

**Notice of Prescriptive Period
for Post-Conviction Relief
Pursuant to C.CR.P. art. 930.8**

> Sentence having been imposed in this matter, you are hereby informed that no application for post-conviction relief, including an application for an out-of-time appeal, shall be considered if it is filed more than two (2) years after your judgment of conviction and sentence have become final under the provisions of C.Cr.P. Art. 914 or 922, unless an exception to the time limitation as set forth in Paragraph A of C.Cr.P. Art. 930.8 is applicable.

Consequently, we find the trial court complied with the provisions set forth in La. C. Cr. P. art. 930.8, and the defendant received the appropriate notice of the prescriptive period for post-conviction relief.  This assignment is without merit.

**CONCLUSION**

For the reasons set forth herein, we affirm the defendant's convictions.  His sentences are amended to vacate that portion of the sentence ordering him to serve six months in jail in default of payment of the $1,000.00 fine and court costs.  As amended, the sentences are affirmed.

**CONVICTIONS AFFIRMED; SENTENCES AMENDED TO VACATE DEFAULT TIME, AND AS AMENDED, AFFIRMED.**

8
